Matter of Boder v O'Neill (2019 NY Slip Op 02028)





Matter of Boder v O'Neill


2019 NY Slip Op 02028


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Kahn, Gesmer, JJ.


8611 101985/16

[*1]In re Matthew Boder, Petitioner-Appellant,
v
James P. O'Neill, etc., et al., Respondents-Respondents.


Chet Lukaszewski, P.C., Garden City (Chester Lukaszewski of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered November 30, 2017, which denied the petition brought pursuant to CPLR article 78 to annul respondents' determination, dated August 10, 2016, denying petitioner's application for accident disability retirement (ADR) benefits, unanimously reversed, on the law, without costs, the petition granted, the determination annulled, and the matter remanded for further proceedings in accordance herewith.
Petitioner met his burden in establishing that he was entitled to ADR benefits by presenting the reports of his treating physicians, including the surgeon who performed his spinal surgery, the line-of-duty (LOD) accident reports indicating neck and back injuries, the contemporaneous emergency room reports also documenting neck and back pain, and MRIs from 2010 and 2011 revealing disc herniation, disc degeneration, and stenosis. Such medical evidence showed that petitioner suffered from chronic back pain as a result of LOD injuries, in particular those sustained during a LOD accident that occurred in 2008.
The Board of Trustees' determination that petitioner's 2008 accident was not causally related to his disability based on a two-year gap in treatment, during which time he returned to full duty, was conclusory in light of the foregoing medical evidence (see Matter of Salvia v Bratton, 159 AD3d 583 [1st Dept 2018], lv denied 31 NY3d 913 [2018]). "While the Medical Board was free to come to any conclusion supported by medical evidence before it, the board could not disregard the only competent evidence on the issue before it" (id. at 584 [internal quotation marks omitted]). Both the Medical Board and the Board of Trustees failed to refute the opinion of petitioner's surgeon that petitioner's condition, which necessitated surgical intervention, was the result of his LOD injuries.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK